UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAYED H ZAIDI,<br><br>        Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No.: C 10-0698 PVT<br><br>**ORDER TO DEFENDANT TO SHOW CAUSE WHY CASE SHOULD NOT BE CONSTRUED TO BE AN ACTION FOR A WRIT OF MANDAMUS AND SUMMARY JUDGMENT GRANTED *SUA SPONTE* DIRECTING DEFENDANT TO PROPERLY ACT ON PLAINTIFF'S REQUEST FOR RECONSIDERATION** |

On August 10, 2010, the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on Defendant's Motion to Dismiss. After the hearing, the court ordered Defendant to lodge a copy of its entire official file regarding Plaintiff's claim(s), and to file supplemental briefing regarding two issues. Defendant has now filed the supplemental briefing.[1] Based on the briefs and arguments submitted,

IT IS HEREBY ORDERED that, no later than October 13, 2010, Defendant shall file a brief showing cause, if any, why Plaintiff's complaint should not be deemed to include a cause of action

---

[1] Defendant sought leave to move for reconsideration regarding lodging a copy of the official file, and the court granted such leave. The court defers ruling on the motion for reconsideration until after reviewing Defendant's response to this order.

ORDER, *page 1*

for a writ of mandate,[2] and why summary judgment should not be granted *sua sponte*[3] directing Defendant to properly act on Plaintiff's Request for Reconsideration and issue either a grant or denial of that request, along with the required notice of a right for a hearing.

Under 28 U.S.C. § 1361, mandamus will issue when the following three elements are present: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available. *See Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003) ("This Court has held that § 1361 is an appropriate basis for jurisdiction in an action challenging procedures used in administering social security benefits").[4]

A regulation of the Social Security Administration ("SSA") provides that "If you are dissatisfied with the initial determination, you may request that we reconsider it." *See* 20 C.F.R. § 416.1408. A claimant seeking reconsideration must file a Request for Reconsideration with the SSA within 60 days after receiving notice of the initial determination. *See* 20 C.F.R. § 416.1409. This is exactly what Plaintiff did. Defendant does not cite any authority for construing Plaintiff's "Request for Reconsideration" to be a "Request to Reopen."

A "Request to Reopen" is governed by 20 C.F.R. section 416.1487, which provides:

> "(a) General. Generally, if you are dissatisfied with a determination or decision made in the administrative review process, but do not request further review within the stated time period, you lose your right to further review and that determination or decision becomes final. However, *a determination or a decision made in your case which is otherwise final and binding may be reopened* and revised by us.
>
> "(b) Procedure for reopening and revision. We may reopen a *final* determination or decision on our own initiative, or you may ask that a *final* determination or a decision to which you were a party be reopened. In either instance, if we reopen the determination or decision, we may revise that determination or decision. The

---

[2] *See, e.g., Ledford v. Astrue*, 137 Soc. Sec. Rep. Serv. 805, 2008 WL 5170298 (S.D. Ga. 2008) (finding mandamus appropriate where Appeals Council refused to take any action on claim, precluding the possibility of further appeal.)

[3] *See Celotex v. Catrett,* 477 U.S. 317, 326 (1986) (noting that courts may enter summary judgment *sua sponte* so long as the losing party was on notice that it had to come forward with all of its evidence).

[4] In *Kildare* the Ninth Circuit found that mandamus was not warranted because administrative review could correct the individual errors alleged by the plaintiffs in that case. Here, however, as in the *Ledford* case, the issue is the SSA's failure to provide the required administrative review.

conditions under which we may reopen a previous determination or decision, either on our own initiative or at your request, are explained in § 416.1488." (Emphasis added.)

On its face, Section 416.1487 applies only to reopening a *final* determination not an *initial* determination.

Defendant concedes in his supplemental brief that the October 9, 2007 Notice of Award was only an initial determination. Plaintiff had 60 days after receiving that Notice of Award to file a Request for Reconsideration. Defendant also concedes that Plaintiff filed his Request for Reconsideration on October 31, 2007, just 22 days after the Notice of Award. (*See* Devera Decl.,[5] ¶ (4)(b).) There appears to be no legal authority for the SSA to have construed Plaintiff's timely Request for Reconsideration to be a Request to Reopen as Defense counsel now argues. If SSA personnel could unilaterally do so, they could effectively shield initial determinations from *any* review, administrative or judicial.

In any event, based on the factual record before the court, it is evident that SSA did *not* construe Plaintiff's Request for Reconsideration to be a Request to Reopen. The response Plaintiff received expressly refers to a "Request for Reconsideration." And the Devera Declaration also refers to it as a Request for Reconsideration, *not* a Request to Reopen. (*See* Devera Decl., ¶ (4)(b).)

In response to Plaintiff's Request for Reconsideration, Defendant sent Plaintiff a notice stating that the Request for Reconsideration had been "dismissed." Defendant has cited no legal authority that allows him to "dismiss" a Request for Reconsideration rather than granting it or denying it. Pursuant to 20 C.F.R. section 416.1422, when the SSA sends a claimant notice of a reconsidered determination, it is required to notify the claimant of the right to a hearing. The notice Plaintiff received failed to provide any such notice of a right to a hearing. Instead, the notice claimed that "This is not an appealable issue." That contention is without merit. *See, e.g., Jacobs v. Shalala*, 891 F.Supp. 488 (S.D. Iowa 1995) (showing SSA followed normal administrative appeals process, including a hearing before an Administrative Law Judge, when claimant requested reconsideration of the protective filing date used in a grant of SSI benefits).

---

[5] As used herein, "Devera Decl." or "Devera Declaration" refers to the Declaration of Joan Devera Court Case Preparation and Review Branch 1 Office of Disability Adjudication and Review Social Security Administration," filed herein on May 12, 2010 (docket no.13-1).

Based on the foregoing, it appears that Defendant has *never* performed the non-discretionary duty of either granting or denying Plaintiff's Request for Reconsideration and notifying Plaintiff of his right to a hearing. Thus, a writ of mandate appears to be warranted to allow Plaintiff to present his evidence and arguments to an Administrative Law Judge ("ALJ"), have the ALJ ensure the record is fully developed on this issue, appeal any unfavorable decision of the ALJ, and then seek judicial review in the event he is unsatisfied with the final decision of the Commissioner. *See, e.g., Ledford*, 137 2008 WL 5170298 at *3.[6]

Dated:   *9/28/10*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[6]   It appears Plaintiff has a good argument that he was entitled to an earlier protective filing date. SSA's regulations provide that a claimant's oral inquiry regarding eligibility for SSI benefits will be used as the filing date if use of that date will result in eligibility for additional benefits, and if the claimant files an application on a prescribed form within 60 days after the date of the notice that SSA "will send telling of the need to file an application." *See* 20 C.F.R. § 416.345. The regulations further provide that the notice "will say that we will make an initial determination of eligibility for SSI benefits if an application form is filed within 60 days after the date of the notice." *See* 20 C.F.R. § 416.345(d).

The documents submitted by Plaintiff support his claim that the March 11, 2005 meeting was for the purpose of applying for Supplemental Security Income ("SSI") benefits, ***not*** Disibility ("DIB") benefits. SSA's letter to Plaintiff (docket no. 17, Exh. 1) expressly states "Type Of Claim: Supplemental Security Income." (If it turns out Plaintiff later erroneously filed an application for DIB rather than SSI, and if he did so based on misinformation from SSA personnel, there may also be an issue with regard to whether 20 C.F.R. § 416.351 applies.)

Plaintiff's meeting with an SSA representative on March 11, 2005 would certainly have constituted an oral inquiry about SSI benefits. (Alternatively, the earlier oral inquiry that presumably resulted in SSA sending that letter to Plaintiff may qualify as the oral inquiry for purposes of Section 416.345.) The letter was not the kind of notice described in Section 416.345(d), and thus did not trigger any 60 day deadline, because it did not tell Plaintiff of the need to file an application, and did not state that SSA would make an initial determination of eligibility for SSI benefits if an application form was filed within 60 days after the date of the notice.

According to both the Notice of Award and the Devera Declaration, Plaintiff filed his formal application for SSI benefits on July 31, 2007. There is no indication in the record that SSA *ever* sent Plaintiff the notice mandated by Section 416.345(d) (much less that any such notice was sent more than 60 days before Plaintiff filed his application). Thus, it would appear that Section 416.345(d) may well operate to provide for a protective filing date of no later than March 11, 2005.

ORDER, *page 4*

***Counsel automatically notified of this filing via the court's Electronic Case Filing system.***

copies mailed on   *9/28/10*                to:

Sayed H Zaidi
81 Mihalakis St., Apt. #401
Milpitas, CA  95035

　　　　　　　　　　　　　　　　　　　　　*/s/   Donna Kirchner     for*
　　　　　　　　　　　　　　　　　　　　　OSCAR RIVERA
　　　　　　　　　　　　　　　　　　　　　Courtroom Deputy