UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAYED H ZAIDI,<br><br>            Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | Case No.: C 10-0698 PVT<br><br>**ORDER CONSTRUING COMPLAINT TO INCLUDE A CAUSE OF ACTION FOR A WRIT OF MANDAMUS, DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS, AND SOLICITING FURTHER BRIEFING REGARDING THE SEPTEMBER 28, 2010 ORDER TO SHOW CAUSE** |

On September 28, 2010, this court entered an Order to Defendant to Show Cause Why Case Should Not Be Construed to Be an Action for a Writ of Mandamus and Summary Judgment Granted Sua Sponte Directing Defendant to Properly Act on Plaintiff's Request for Reconsideration (the "OSC"). Defendant has now filed his response to the OSC. In the response, Defendant states he "agrees that the issue of whether Plaintiff's 2005 appointment letter serves as a protective supplemental security income (SSI) filing date requires further resolution." Defendant did not make any arguments in opposition to the court construing this case to include a cause of action for a writ of mandamus. Therefore, based on Defendant's response and the file herein,

IT IS HEREBY ORDERED that Plaintiff's complaint, including the letter attached thereto, is construed as including a cause of action for a writ of mandamus. *See, Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (documents filed *pro se* must be liberally construed); *See also, e.g., Ledford v. Astrue,*

137 Soc. Sec. Rep. Serv. 805, 2008 WL 5170298 (S.D. Ga. 2008) (finding mandamus appropriate where Appeals Council refused to take any action on claim, precluding the possibility of further appeal).

IT IS FURTHER ORDERED that Defendant's motion to dismiss is DENIED as to the mandamus cause of action, and GRANTED as to the 42 U.S.C. section 405(g) appeal. As noted by Defendant, the court lacks jurisdiction under Section 405(g), because there has not yet been a final decision of the Commissioner.

IT IS FURTHER ORDERED that, no later than December 7, 2010, Defendant shall file a brief and supporting declarations (attaching any relevant exhibits) showing why this court should not *sua sponte* grant summary judgment in favor of Plaintiff and direct Defendant to grant Plaintiff's Request for Reconsideration and pay Plaintiff past due benefits from March 11, 2005 through July 31, 2007. Defendant is hereby put on notice that he must come forward with all evidence that he contends precludes such a judgment. *See Celotex v. Catrett,* 477 U.S. 317, 326 (1986) (noting that courts may enter summary judgment *sua sponte* so long as the losing party was on notice that it had to come forward with all of its evidence).

It appears that Defendant now concedes the Social Security Administration ("SSA") never issued a proper grant or denial of Plaintiff's Request for Reconsideration. Thus, mandamus is warranted, and the only remaining issue is the scope of the mandate to be issued.[1] If the facts are such that Defendant *must* grant Plaintiff's Request for Reconsideration, then the mandate should direct Defendant to do so. If the record is such that Defendant still retains any discretion to either grant or deny Plaintiff's Request for Reconsideration, then the mandate should direct Defendant to properly act on Plaintiff's Request for Reconsideration by a date certain.

Under 28 U.S.C. § 1361, mandamus will issue when the following three elements are present: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is

---

[1] Defendant inexplicably requests a remand pursuant to sentence four of 42 U.S.C. section 405(g). However, as Defendant pointed out in his motion to dismiss, this court lacks jurisdiction under that section because Defendant's "dismissal" of Plaintiff's Request for Reconsideration was not a "final decision" of the Commissioner. The court's jurisdiction is based on the mandamus statute at 28 U.S.C. section 1361.

available. *See Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003) ("This Court has held that § 1361 is an appropriate basis for jurisdiction in an action challenging procedures used in administering social security benefits").[2]

Based on the record presently before the court, it appears that a writ of mandate directing Defendant to grant Plaintiff's Request for Reconsideration and to pay past-due benefits from March 11, 2005 through July 31, 2007 is warranted.

SSA's regulations provide that a claimant's oral inquiry regarding eligibility for SSI benefits will be used as the filing date if use of that date will result in eligibility for additional benefits, and if the claimant files an application on a prescribed form within 60 days after the date of the closeout[3] notice that SSA "will send telling of the need to file an application." *See* 20 C.F.R. § 416.345.

SSA's Program Operations Manual provides that a copy of an appointment confirmation notice can be accepted as evidence that an oral inquiry occurred on a particular day. *See*, POMS SI 00601.030. Plaintiff has submitted a copy of such an appointment confirmation from March of 2005. Moreover, in the letter attached to his complaint Plaintiff states he attended the March 11, 2005 appointment and supplied documents, including his medical record.[4] Defendant has not submitted any evidence to the contrary. Absent any contrary evidence, there is no genuine issue of material fact as to whether Plaintiff appeared for his March 11, 2005 and made an oral inquiry regarding his eligibility for SSI benefits.

---

[2] In *Kildare* the Ninth Circuit found that mandamus was not warranted because administrative review could correct the individual errors alleged by the plaintiffs in that case. Here, however, as in the *Ledford* case, the issue is the SSA's failure to provide the required administrative review.

[3] This is the term used in Defendant's November 2, 2010 "Response to Order to Show Cause" and in the SSA's Program Operations Manual. *See, e.g.,* POMS SI 00601.040 ("Protective Filing Closeout Notices").

[4] Although Plaintiff's letter is not under penalty of perjury and thus is not itself admissible evidence, under the present circumstances the court may consider the factual assertions therein. Plaintiff is competent to testify to his own actions. Under Rule 11 of the Federal Rules of Civil Procedure, by filing the letter as part of his complaint, Plaintiff is representing to the court that the factual contentions therein have evidentiary support. His letter is thus, in effect, an "offer of proof" which the court may consider in the summary judgment context. *See, e.g., Jack Rowe Associates, Inc. v. Fisher Corp.*, 833 F.2d 177, 182 (9th Cir. 1987) (in summary judgment context, court noted that an "allegation was unsupported by affidavit, documentary evidence *or offer of proof*" (emphasis added)). Moreover, Rule 56 not only allows the court to base its decision on affidavits, but also on "pleadings." *See* FED.R.CIV.P. 56(c).

1 　　　According to both the Notice of Award and the Devera Declaration, Plaintiff filed his formal application for SSI benefits on July 31, 2007.  There is no indication in the record that SSA *ever* sent Plaintiff the closeout notice mandated by Section 416.345(d) (much less that any such notice was sent more than 60 days before Plaintiff filed his application).  If SSA never sent Plaintiff a closeout notice, then the protective filing date of Plaintiff's oral inquiry was still open when he filed his formal application for SSI benefits.  *See*, POMS SI 00601.037(B) ("Protective filings must be closed out or the filing protection will remain open indefinitely").  Thus, it appears that Section 416.345(d) operates to provide for a protective filing date of no later than March 11, 2005.

　　　Defense counsel's representation that Defendant has located evidence showing that Plaintiff "affirmatively did not apply in 2005" is irrelevant absent evidence that SSA sent Plaintiff a closeout notice in 2005.  SSA's own examples in its Program Operations Manual demonstrate that a claimant's affirmative decision not to file, without more, does not obviate the protective filing date of his oral inquiry.  *See,* POMS SI 00601.040(D) (Example 2 – hypothetical 7/1 oral inquiry resulted in a 7/1 filing date despite claimant's initial decision not to file, where claimant later decides to file and files his application within 60 days after closeout notice).  Absent a closeout notice, Plaintiff's protective filing date in March 2005 was still open when he filed his formal application for SSI benefits and he is entitled to benefits back to that date, assuming his medical records show he was disabled at that time.[5]

　　　As to the medical records, Plaintiff stated at the hearing on Defendant's motion to dismiss that the 2007 decision granting him benefits was based on the same medical records he had previously submitted.  Thus, unless Defendant can show that the 2007 grant of benefits was based on medical records for time periods after March 2005, there is no basis for any further medical evaluation or determination with regard to the March 2005 to July 2007 time period.

　　　In sum, unless Defendant can produce evidence that a closeout notice was sent to Plaintiff more than 60 days before Plaintiff submitted his formal application for SSI benefits and/or that there

---

[5] Defendant erroneously suggests that if no closeout notice was sent to Plaintiff in 2005 the court should direct SSA to send him one now.  However, Defendant cites no legal authority for requiring Plaintiff to go through such a needless exercise at this late date.  If no closeout notice was ever sent to Plaintiff, the March 2005 protective filing date remained open until Plaintiff submitted the application for benefits that was granted in 2007.

is some question as to whether Plaintiff was disabled in March 2005, then: 1) Plaintiff's right to past SSI benefits for the period from March 2005 through July 2007 is "clear and certain"; 2) Defendant's duty to award such benefits to Plaintiff is "nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt"; and 3) Plaintiff has no other adequate remedy.  Under such circumstances a writ of mandate is warranted directing Defendant to award Plaintiff SSI benefits for the period from March 2005 through July 2007.

Dated:   *11/9/10*

PATRICIA V. TRUMBULL
United States Magistrate Judge

1

2   ***Counsel automatically notified of this filing via the court's Electronic Case Filing system.***

3

4   copies mailed on   *11/9/10*         to:

5   Sayed H Zaidi
    81 Mihalakis St., Apt. #401
6   Milpitas, CA  95035

7
                                          */s/   Donna Kirchner     for*
8                                         OSCAR RIVERA
                                          Courtroom Deputy
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28