UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAYED ZAIDI, <br><br>　　　　　Plaintiff, <br><br>　v. <br><br>COMMISIONER OF SOCIAL SECURITY, <br><br>　　　　　Defendant. | Case No.: 10-CV-698-PSG <br><br>**STANDBY ORDER HOLDING DEFENDANT IN CONTEMPT OF COURT ORDER** |

　　　　On March 3, 2011, this court ordered that "the case is remanded for a determination on [Plaintiff Sayed Zaidi's ("Zaidi")] request for reconsideration.  The determination shall be made no later than March 31, 2011 and should either grant or deny the request.  [Zaidi] shall be immediately informed of the determination and afforded any and all appeal rights, including a hearing, that follow under the agency's regulations."  The court entered this order based on an admission months earlier from Defendant Commissioner of Social Security (the "Commissioner") that he had wrongly denied Zaidi the determination so as to prevent him from exhausting his administrative rights prior to filing this suit.  March 31, 2011 came and went, without any indication from the government that it could not and would not comply with the court's order or even that it was taking affirmative stops to comply immediately.  Instead, over two weeks later, on April 18, 2011, Zaidi — not the Commissioner — informed the court that he had not yet received any notification regarding his request for reconsideration or any other communication from the Commissioner.

On April 22, 2011, the court ordered the Commissioner to show cause why he had not complied with this court's March 3, 2011 order.  On April 27, 2011, the Commissioner filed a pleading explaining that the court's order had initially been routed to the wrong Social Security Administration component, that processing Zaidi's claim would likely require more time than the court had allowed, and offering to file status reports.  But despite the court's order, the Commissioner's responsibility for the error giving rise to the order, the Commissioner's responsibility for the routing error causing further delay, and his inexplicable forcing of the court to rely on a report of non-compliance from a *pro se* plaintiff, the Commissioner once more offered no date by which he would render a determination.  In effect, both Zaidi and the court were again told, "we'll get back to you."

At the hearing on the order to show cause on May 3, 2011, the court made clear that the Commissioner's ongoing violation of the court's order and refusal to provide any date by which a determination would be rendered were not acceptable.  The court ordered the Commissioner to deliver a determination to Zaidi no later than May 10, 2011, or to appear for a contempt proceeding if the determination was not issued.

On May 6, 2011, Commissioner submitted a declaration explaining that he agreed to follow the court's order by reconsidering Zaidi's claim.  At the same time, the Commissioner indicated that he nevertheless required further, unspecified information from Zaidi, had set an appointment for Zaidi to provide that information, and that he would therefore notify Zaidi after a determination had been made at some undetermined later time.

On May 10, 2011, the Commissioner appeared at the contempt proceeding and confirmed that he still had not made a determination, "which normally takes between three to four months,"[1] and still would not say exactly when the determination would be made.

The court does not entertain contempt sanctions lightly.  This record of intransigence, however, suggests that only contempt sanctions will communicate to the Commissioner that court-ordered deadlines imposed to remedy the Commissioner's long-admitted mistakes need to be

---

[1] FTR May 10, 2011 2:18:01-18:04 p.m.  The court notes this statement is the first indication to the court of even the approximate time period when Commissioner planned to make a determination.

2

Case No.: 10-698
ORDER

followed.  To permit otherwise would be to disregard and disrespect the many other parties with cases in this court that labor mightily to comply with deadlines set by court order.  Accordingly,

    IT IS HEREBY ORDERED that on May 17, 2011, the Commissioner will be in contempt of this court unless Zaidi has a determination that allows him to pursue all his administrative remedies as this court has set forth in multiple orders.  If required, the court will impose specific contempt sanctions in a further order.

Dated: May 11, 2011

                                        PAUL S. GREWAL
                                        United States Magistrate Judge

**Notice of this filing was automatically mailed to counsel via the court's Electronic Case Filing system.**

**A copy of this filing was mailed to:**

Sayed H Zaidi
81 Mihalakis Street
Apt. #401
Milpitas, CA 95035

Dated: May 11, 2011

                                         */s/ Chambers Staff*
                                         Chambers of U.S. Magistrate Judge Paul S. Grewal

4

Case No.: 10-698
ORDER